UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antrell Jermaine Fordham, # 262332, <br> a/k/a Antrell Fordham and Antrell J. Fordham, <br><br> Plaintiff, <br><br> vs. <br><br> Joseph McFadden, in his individual capacity, <br><br> Defendants. <br> _____ | ) C/A No.: 2:13-2596-RMG-BHH <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Antrell Jermaine Fordham, is proceeding pro se and brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B) (2)(d), D.S.C., this Magistrate Judge is authorized to review all complaints in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court. Plaintiff is incarcerated in the Lieber Correctional Institution, a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

## Background

Plaintiff sues the Warden of Lieber, in his individual capacity, alleging his sneakers were not returned to him after he was released from a Special Management Unit ("SMU"). Plaintiff claims he asked Linda Bowman, a property control officer, (not a Defendant), about the missing sneakers, but she claimed she "did not know." Plaintiff alleges he filed a grievance which was answered by the Warden approximately a year and a half later. The Warden indicated that the sneakers had been misplaced, and he denied Plaintiff's grievance.

Plaintiff alleges that pursuant to policy he is entitled to "restoration of [his] property by substituting a state like item." Plaintiff alleges that the Warden's failure to do so has resulted in a violation of his Due Process rights. Plaintiff maintains the clogs he was issued are shower shoes, have no ankle support or cushioning, and do not protect his feet from inclement weather. Plaintiff seeks money damages, a jury trial, costs, sneakers, and any additional relief the court deems necessary.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31.

2

Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989).

This court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff's claim about the loss of his sneakers is not properly before this federal Court as a constitutional claim pursuant to 42 U.S.C. § 1983[1] Deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See* Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent*

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

act of an official causing unintended loss of or injury to life, liberty, or property."). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See* Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-203 (1989).

Plaintiff has an adequate state-court remedy for such personal property issues under the South Carolina Torts Claim Act against any Lieber officials or employees responsible for the loss. *See* Hudson v. Palmer, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[2]

Under South Carolina law, Plaintiff's claims relating to lost personal property are cognizable under the South Carolina Tort Claims Act. *See* S.C. Code Ann. §§ 15-78-10 through15-78-220. Section 15-78-30 and its subparts encompass a loss of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. Plaintiff should be aware of the various statutory requirements for the pursuit of a claim

---

[2] Yates has been partially superannuated for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" Plumer v. Maryland, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990); *see also* Zinermon v. Burch, 494 U.S. 113 (1990). Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

4

under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-80;[3] *see also* Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909 (1994); Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534 (S.C. Ct.App. 1994). As a result Plaintiff's Complaint should be summarily dismissed without service on Defendants.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See*

---

[3] Section 15-78-80, titled: "Filing of verified claim; handling and disposition of claims; requirement that agencies and political subdivisions cooperate with Budget and Control Board," sets out the requirements for submitting a claim under the Torts Claim Act, and reads as follows,

> (a) A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed:
>
>> (1) in cases against the State, with the State Budget and Control Board, or with the agency employing an employee whose alleged act or omission gave rise to the claim;
>> (2) where the claim is against a political subdivision, with the political subdivision employing an employee whose alleged act or omission gave rise to the claim;
>> (3) where the identification of the proper defendant is in doubt, with the Attorney General.
>
> (b) Each agency and political subdivision must designate an employee or office to accept the filing of the claims.
> (c) Filing may be accomplished by receipt of certified mailing of the claims or by compliance with the provisions of law relating to service of process.
> (d) The verified claim may be received by the Budget and Control Board or the appropriate agency or political subdivision. If filed, the claim must be received within one year after the loss was or should have been discovered.
> (e) In all cases in which a claim is filed, the Budget and Control Board or political subdivision has one hundred eighty days from the date of filing of the claim in which to determine whether the claim should be allowed or disallowed. Failure to notify the claimant of action upon the claim within one hundred eighty days from the date of filing of the claim is considered a disallowance of the claim.
> (f) The handling and disposition of claims filed under this chapter are not subject to the provisions of Article 3, Chapter 23 of Title 1.
> (g) In all cases, where insurance is provided by the Budget and Control Board, the agency or political subdivision involved must cooperate with the Budget and Control Board in the investigation and handling of any claim.

5

28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce H. Hendricks<br>
United States Magistrate Judge

November 25, 2013<br>
Charleston, South Carolina

***Plaintiff's attention is directed to the important NOTICE on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).