IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Antrell Jermaine Fordham, #262332, a/k/a Antrell Fordham and Antrell J. Fordham, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:13-cv-2596-RMG |
| v. | ) ) | |
| Joseph McFadden, in his individual capacity, | ) ) ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging that his sneakers were misplaced by prison staff and not returned to him after he was released from the Special Management Unit. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was automatically referred to a United States Magistrate Judge for pretrial handling. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.

1

1978). The Magistrate Judge then issued the present R&R recommending this action be dismissed without prejudice for failure to state a claim. (Dkt. No. 14). Plaintiff did not file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After careful review of the record and the R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. As set forth in the R&R, to the extent that Plaintiff alleges Defendant was negligent in the loss or destruction of his property, such an allegation does not implicate the Due Process Clause and does not state a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995). Further, an unauthorized willful deprivation of property by prison officials does not state a claim under § 1983 because Plaintiff has a meaningful state law remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 14). Accordingly, the Court dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 18, 2013
Charleston, South Carolina